The instruction, number *four*, which the defendant claims was erroneously refused, was based upon the theory of scienter and therefore was properly refused. The instruction, number *six*, which was given and objected to by the defendant, is a correct statement of the law in the case and so was properly given.

The record of the evidence taken at the former trial, which was offered for the inspection of the trial judge, whatever that may mean, was properly rejected as the issues concerning which that evidence was offered originally involved scienter and, therefore, were not the same as those in the case at bar.

As there was ample evidence to support the verdict of the jury, both as to liability and amount, and as there are no material errors in the record, the judgment is affirmed.

*Affirmed.*

---

**Sam Diamond, Appellee, v. Max Goldstein and Sarah Goldstein, Appellants.**

**Gen. No. 22,027.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. HUGH J. KEARNS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed May 9, 1917. Rehearing denied May 22, 1917. *Certiorari* denied by Supreme Court (making opinion final).

**Statement of the Case.**

Action by Sam Diamond, plaintiff, against Max Goldstein and Sarah Goldstein, defendants, to recover "for unlawfully, fraudulently and maliciously converting and appropriating to their own use the property of the plaintiff," consisting of certain furs and dress goods, valued at $1,500. From a judgment for plaintiff for $1,672.55, on remittitur of $75, defendants appeal.

B. M. SHAFFNER, for appellants.

MAURICE ALSCHULER, for appellee; MENZ I. ROSEN-BAUM, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 8*—*when statement of claim is in conversion giving court jurisdiction.* The use of the words "unlawfully, fraudulently and maliciously" in a statement of claim in the Municipal Court for "unlawfully, fraudulently and maliciously converting certain property" of the plaintiff, *held* not to change the nature of the charge against the defendants or affect the jurisdiction of the Municipal Court in such action for conversion of the property.

2. TROVER AND CONVERSION, § 39*—*what evidence is sufficient to show conversion of purchased stolen property.* Testimony of a thief that the property stolen by him from the plaintiff was listed by the thief's partner and that he had everything on the list shown to the defendants, charged with conversion of plaintiff's property stolen from him, when defendants bought such property, *held* sufficient identification and enumeration of the property to justify the jury in concluding what property belonging to the plaintiff was actually received and converted by defendants.

3. TROVER AND CONVERSION, § 38*—*when evidence as to value of goods is properly admitted.* In an action to recover for conversion by defendants of certain furs belonging to plaintiff, where a witness was asked if he had computed the fair, reasonable market value "of all these furs," to which he answered he had, and also answered a subsequent question, over objection overruled, as to the amount, *held* that the objection was not well founded, as the evidence showed that both parties must have known exactly to what furs reference was made.

4. TROVER AND CONVERSION, § 39*—*when plaintiff only required to establish case by preponderance of evidence.* Where a statement of claim charged defendants with "unlawfully, fraudulently and maliciously converting certain property" of the plaintiff, *held* that the words used did not necessarily charge a crime, and plaintiff was required to establish the material issues in such claim only by a preponderance of the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.